UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMTRUST INTERNATIONAL | § | |
| UNDERWRITERS DAC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-03460 |
| | § | |
| LANE HATHORN, HATHORN REPAIRS, | § | |
| and ESAUL SALGADO AND | § | |
| LUCIA SALGADO, | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff Amtrust International Underwriters DAC formerly known as Amtrust International Underwriters Limited (AmTrust) files this Original Complaint for Declaratory Judgment against Defendants Lane Hathorn, Hathorn Repairs, and Esaul Salgado and Lucia Salgado (the Salgados) pursuant to 28 U.S.C. §§ 1332 and 2201, seeking a declaration that AmTrust does not have a duty to defend or indemnify Defendants Lane Hathorn, Hathorn Repairs, and/or the Salgados in an underlying lawsuit filed by the Salgados against Hathorn and Hathorn Repair in Fort Bend County, Texas, and that AmTrust may withdraw from the defense of Hathorn and Hathorn Repair in that matter.

**I.**
**PARTIES, JURISDICTION, AND VENUE**

1.1.    Plaintiff Amtrust International Underwriters DAC formerly known as Amtrust International Underwriters Limited is an Irish-domiciled Designated Activities Company with its principal place of business in Dublin, Ireland.

1.2.    Defendant Lane Hathorn is an individual who resides in the State of Texas and who may be served with process at his residence located at 4109 Kunz Road in Rosenberg, Texas

77471, or wherever he may be found. AmTrust requests that citation be issued and served upon this Defendant.

  1.3. Defendant Hathorn Repairs is a Texas limited liability company with its principal place of business in the State of Texas. Hathorn Repairs may be served by serving its registered agent, Lane Hathorn at 4109 Kunz Road in Rosenberg, Texas 77471, or wherever he may be found. AmTrust requests that citation be issued and served upon this Defendant.

  1.4. Defendant Esaul Salgado is an individual who resides in Texas and who may be served with process at his residence located at 1317 Mahlmann Street Apt 503 in Rosenberg, Texas 77471, or wherever he may be found. AmTrust requests that citation be issued and served upon these Defendants.

  1.5. Defendant Lucia Salgado is an individual who resides in Texas and who may be served with process at her residence located at 1317 Mahlmann Street Apt 503 in Rosenberg, Texas 77471, or wherever she may be found. AmTrust requests that citation be issued and served upon these Defendants.

  1.6. This declaratory judgment action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure. Because the parties to this lawsuit are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

  1.7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because the defendants reside in Fort Bend County, Texas, and the underlying suit was filed in Fort Bend County, Texas.

1.8.    All persons having an interest in the outcome of this litigation have been joined as parties. The interest of AmTrust is adverse to the interest of all Defendants herein. An actual controversy of a justiciable nature exists between AmTrust and Defendants regarding the rights and responsibilities of AmTrust under the policy at issue in connection with the lawsuit styled Cause No. 19-DVC-259573; *Esaul Salgado and Lucia Salgado v. Lane Hathorn and Hathorn Repair, LLC*; in the 434th Judicial District Court of Fort Bend County, Texas. Neither AmTrust nor Defendants have sought by any other legal action to adjudicate their respective rights involving the relevant insurance policy.

## II.
## NATURE OF THE CASE

2.1.    This declaratory judgment action seeks to determine the rights and obligations of Plaintiff insurance carrier towards Defendants in connection with a claim that is the subject of a lawsuit styled Cause No. 19-DVC-259573; *Esaul Salgado and Lucia Salgado v. Lane Hathorn and Hathorn Repair, LLC*; in the 434th Judicial District Court of Fort Bend County, Texas ("Underlying Lawsuit"). AmTrust issued Commercial General Liability Policy No. DSI 1047714 02 to Lane Hathorn and Hathorn Repairs, with effective dates of September 28, 2016 to September 28, 2017 ("Policy"). The Policy had $500,000 per occurrence limit and a $1,000,000 general aggregate limit.

2.2.    The Underlying Lawsuit arises out of an injury sustained by Esaul Salgado on or about February 15, 2017, while "Salgado was working as an employee of Defendants" on a property in Richmond, Fort Bend County, Texas. *See* Exhibit A, Plaintiffs' Original Petition in the Underlying Lawsuit at ¶ 8. According to the petition in the Underlying Lawsuit, Salgado fell from a ladder provided to him by Defendants Hathorn and Hathorn Repair and sustained bodily injuries.

*Id.* Lucia Salgado is Esaul Salgado's wife and is claiming damages in the form of lost wages and loss of consortium as a result of her husband's injuries. *Id.* at ¶ 17.

2.3.    The Salgados filed suit against Hathorn and Hathorn Repair on February 11, 2019. *See* Exhibit A. Hathorn tendered the lawsuit to AmTrust, and AmTrust provided a defense for its insureds subject to a reservation of rights letter dated April 25, 2019. Since that date, AmTrust has been paying for its insureds' defense in the Underlying Lawsuit. AmTrust now seeks a declaration that it has no obligation to defend or indemnify Defendants Hathorn or Hathorn Repair in the Underlying Lawsuit or to indemnify the Salgados for any judgment they recover against Hathorn and Hathorn Repair, and that it is within AmTrust's rights to withdraw the defense that it has heretofore been providing.

### III.
### BASIS FOR DECLARATORY RELIEF

3.1.    The Policy provides that it will pay those sums that it becomes legally obligated to pay as damages because of bodily injury and that AmTrust has the right and duty to defend its insureds against any suit seeking damages to which the insurance applies. The Policy further provides that AmTrust may look to extrinsic evidence in determining its obligations:

> We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a suit. We may rely on extrinsic evidence to deny the defense and/or indemnity of a suit.

*See* Exhibit B, True and Correct Copy of the Policy at p. 18.

3.2.    The Policy also includes the following pertinent exclusions:

> **B.    EXCLUSIONS**
>
> The following exclusions apply regardless of whether any other cause or causes contributed, in whole or in part, directly or indirectly, jointly or concurrently or in any sequence, with the excluded matters to cause bodily injury, property damage, personal injury, or advertising injury and

regardless of whether any other contributing or concurrent cause or causes of the bodily injury, property damage, personal injury or advertising injury are covered by this policy. This insurance does not provide coverage for any claim or suit arising out of:

…

53.   INJURY TO DAY LABORERS

Bodily injury or property damage sustained by day laborers or other individuals who prior to the bodily injury or property damage are not specifically identified on the Named Insured's employment records and are not compensated as employees of the Named Insured through a payroll/staffing or professional employer organization ("PEO") service under contract with the Named Insured.

54.   INJURY OR DAMAGE TO EMPLOYEE OR WORKER INCLUDING ACTION OVER CLAIMS

Bodily injury or property damage sustained by:

(a)   An employee of any insured arising out of:

(1)   Employment by any insured; or
(2)   Performing duties related to the conduct of any insured's business; or

(b)   A subcontractor or independent contractor working directly or indirectly on any insured's behalf; or

(c)   An employee of any subcontractor or independent contractor working directly or indirectly on behalf of any insured; or

(d)   An insured including but not limited to the Named Insured; or

(e)   A spouse, child, parent, brother, sister or dependent of the individuals identified in Paragraphs (a), (b), (c) or (d).

This exclusion applies:

(a)   Whether any insured may be liable as an employer, property owner, general contractor or in any other capacity;

(b)   To any obligation to share damages with or repay someone else who must pay damages because of the bodily injury or property damage, including but not limited to claims, or suits for contractual or implied indemnification, contribution or reimbursement;

(c)   To liability assumed in an insured contract, or any claim or suit for contribution by any insured against any other insured or pay any third party against any insured;

(d)   To any claims or suit for wrongful death, loss of love, companionship, consortium, financial and emotional support, instruction, and/or services or similar claims made against any insured;

(e)   Whether or not any insured is required by contract, regulation or law to be insured under a worker's compensation policy providing coverage for claims, or suits arising from bodily injury or property damage sustained by an employee;

(f)   Whether the claim or suit is brought directly against an insured, or an insured is made party to the claim, or suit by impleader, joinder, third party action or otherwise;

(g)   Whether or not the bodily injury or property damage arises out of, results from, is caused by, contributed to or in any way relates, in whole or in part, to the acts or omissions of any subcontractor or independent contractor whether or not hired directly by an insured.

*Id*. at pp. 35-36.

   3.3.   The Policy defines "employee" as follows:

      15.   EMPLOYEE

> Employee includes any person or persons hired by, loaned to, leased to, contracted for, or volunteering services to an insured, whether or not paid or compensated by an insured.
>
> Employee means all possible categories and types of employees, including but not limited to any leased worker, temporary worker, volunteer worker or anyone who may be determined to be an employee of any insured or an employee of an employee of any insured, under any legal or equitable theory or doctrine. Employee includes anyone that any insured or a subcontractor of the insured may be found liable for or to as an employer.

*Id.* at pp. 65-66.

3.4.    Based on the plain language of the Policy and the allegations of the petition in the Underlying Lawsuit, there is no coverage for the Salgados' claims. Moreover, the Salgados' discovery responses in the Underlying Lawsuit further support the lack of coverage on the grounds that they assert that Esaul Salgado was acting as an "employee" of Hathorn:

> Plaintiff [Esaul Salgado] was an employee of Defendants Lane Hathorn and Defendant Hathorn Repair, LLC, as these Defendants control what the Plaintiff does and how he does it; Defendants determine how the Plaintiff is paid and when he is paid; Defendants provide the instrument and materials the Plaintiff uses; Plaintiff works in a key part of Defendants' repair and painting business and was so doing when he was injured.

*See* Exhibit C, Plaintiffs' Corrected Third Amended Responses to Defendant's Interrogatories 4, 5, 6 and 8(c) in the Underlying Lawsuit.

3.5.    Since the allegations and extrinsic evidence establish that the Salgados are asserting their claims under the theory that Esaul Salgado was an employee of the insured, the claim is excluded by the Policy. As such, there is no covered loss, and AmTrust has no duty to defend or indemnify its insureds against the claims asserted in the Underlying Lawsuit and should be permitted to withdraw from defending them in the Underlying Lawsuit. Moreover, AmTrust should have no duty to indemnify the Salgados as judgment creditors if they recover in the

Underlying Lawsuit because there is no coverage under the Policy. *See Atlantic Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669, 673 (N.D. Tex. 2009) (potential judgment creditor is proper party to insurer's declaratory action on coverage) (citing and discussing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941)).

## IV.
## PRAYER

4.1.    WHEREFORE, PREMISES CONSIDERED, AmTrust seeks the following declarations:

> (a)    Underlying has no duty to defend Lane Hathorn and/or Hathorn Repair in the Salgado Lawsuit;
>
> (b)    AmTrust has no duty to indemnify Lane Hathorn and/or Hathorn Repair in the Underlying Lawsuit;
>
> (c)    AmTrust has no duty to indemnify Esaul and/or Lucia Salgado as judgment creditors if they recover in the Underlying Lawsuit; and
>
> (d)    AmTrust may withdraw from the defense of Lane Hathorn and Hathorn Repair in the Underlying Lawsuit.

4.2.    AmTrust further requests all such other and further relief to which it may show itself justly to be entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Catherine L. Hanna*
Catherine L. Hanna
Texas Bar No. 08918280
Southern District No. 13577
channa@hannaplaut.com
**HANNA & PLAUT, LLP**
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Tel: (512) 472-7700
Fax: (512) 472-0205

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF AMTRUST INTERNATIONAL
UNDERWRITERS LIMITED**

Of Counsel:

Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
**HANNA & PLAUT, LLP**
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Tel: (512) 472-7700
Fax: (512) 472-0205